**Robyn EVANS; et al., Plaintiffs–Appellants,**

v.

**CHASE BANK USA, N.A., Defendant–Appellee.**

No. 06–15212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 22, 2008.

Gretchen Carpenter, Esq., Strange & Carpenter, Los Angeles, CA, for Plaintiffs–Appellants.

Angela Padilla, Morrison & Foerster, LLP, San Francisco, CA, Nancy R. Thomas, ESQ., Morrison & Foerster, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's Rule 12(b)(6) dismissal of their complaint against Chase Bank. Plaintiffs assert that Chase Bank violates the Truth in Lending Act and Delaware and California law by imposing, without additional notice, interest rate increases retroactive to the start of billing cycles after card members default as defined in the agreements. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Orkin v. Taylor,* 487 F.3d 734, 738 (9th Cir.), *cert. denied,* — U.S. ——, 128 S.Ct. 491, 169 L.Ed.2d 340 (2007). We affirm.

 Plaintiffs assert that the Truth in Lending Act and Regulation Z, 12 C.F.R. § 226.9(c), require that Chase send change-in-terms notices prior to implementing discretionary interest rate increases after default. However, the current regulation, as interpreted by the Federal Reserve Board, does not require change-in-terms notices for discretionary interest increases due to default if the initial disclosures set forth the specific terms for increases of the finance charge. 12 C.F.R. § 226.9(c) (2007); 12 C.F.R. § 226 Supp. I, cmt. 9(c)(1) (2007); Truth in Lending, 72 Fed.Reg. 32948–01, 33009 (proposed June 14, 2007); Truth in Lending, 69 Fed.Reg. 70925–01, 70931–32 (proposed Dec. 8, 2004); Truth in Lending, Final Rule, 46 Fed.Reg. 20848–01, 20863 (Apr. 7, 1981). The card member agreements provide the necessary specific terms for increases in the event of default

and Chase increases rates consistent with the agreements. Moreover, because no change-interms notice is required, Chase complies with Regulation Z, 12 C.F.R. § 226.7(d), when it applies the increased interest rate to the first day of the billing cycle in which the interest rate increases. 72 Fed.Reg. at 33009; 69 Fed.Reg. at 70931–32. As a result, Chase has not violated Regulation Z and the district court did not err in dismissing the Truth in Lending and related state law claims for failure to state a claim upon which relief can be granted.

 To the extent that plaintiffs assert that California and Delaware law independently require disclosure or notice, the state claims are preempted by the National Bank Act, 12 U.S.C. § 24 (Seventh) and 12 C.F.R. § 7.4008(d)(2)(viii). *See Rose v. Chase Bank USA, N.A.,* 513 F.3d 1032, 1036–37 (9th Cir.2008).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.